Judgment rendered May 21, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 56,236-CA
No. 56,238-CA
(Consolidated Cases)

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

FIRST TOWER LOAN, LLC                          Plaintiff-Appellant
D/B/A TOWER LOAN OF
WINNFIELD

versus

ROY COMBS                                      Defendant-Appellee

* * * * *

*consolidated with*

* * * * *

FIRST TOWER LOAN, LLC                          Plaintiff-Appellant
D/B/A TOWER LOAN OF
WINNFIELD

versus

LACI HORTON, A/K/A LACI                        Defendant-Appellee
SHAYNE HORTON

* * * * *

Appealed from the
Eighth Judicial District Court for the
Parish of Winn, Louisiana
Trial Court Nos. 47,276 and 47,404

Honorable Anastasia S. Wiley, Judge

* * * * *

ROGERS, CARTER & PAYNE, LLC                    Counsel for Appellant
By: Jessica L. Greber

LACI HORTON, A/K/A LACI                        In Proper Person
SHAYNE HORTON

* * * * *

Before STONE, MARCOTTE, and ELLENDER, JJ.

**ELLENDER, J.**

In these consolidated cases, First Tower Loan LLC, d/b/a Tower Loan of Winnfield, appeals 15 default judgments in which the district court rendered judgments for amounts different from those alleged in the petitions, verified in the affidavits of correctness, and stated in the proposed judgments. For the reasons expressed, we amend the judgments to conform to the records and, as amended, render. A separate opinion is issued for each borrower.

## PROCEDURAL HISTORY

Laci Horton, a/k/a Laci Shayne Horton, of Dodson, La., took out a loan (Loan #1) from Tower Loan on December 22, 2021. The amount financed was $1,509.74, at a stated APR of 23.99%, requiring Horton to make 24 payments of $79.82 each, for a total of $1,915.68. Her final payment was to be December 21, 2024, but, according to Tower Loan's petition, her last payment was on March 15, 2023, leaving a balance of $829.19.

Horton took out a second loan (Loan #2) from Tower Loan on April 5, 2022. The amount financed was $1,702.74, at a stated APR of 39.48%, requiring her to make 26 payments of $99.00 each, for a total of $2,574.00. Her final payment was to be June 10, 2024, but, according to Tower Loan's petition, her last payment was on March 15, 2023, leaving a balance of $1,333.30.

Tower Loan filed this suit on October 10, 2023. On Loan #1, it sought the unpaid balance of $829.19, together with contractual interest of 23.99% per annum for one year beginning August 28, 2023, and 18%

thereafter.  On Loan #2, it sought the unpaid balance of $1,333.30, together with contractual interest of 35.31% per annum for one year beginning August 28, 2023, and 18% thereafter.  The petition also prayed for late charges, court costs, collection costs, contractual attorney fees, and a recognition of its security interest in the movables described in the loan agreements.

Horton filed no responsive pleading, so Tower Loan moved for default judgment.  In support, it attached an affidavit of correctness executed by Anthony Barnes, an officer of the company, verifying that the balance due on Loan #1 was $829.19 and that the interest rate, under the loan agreement, was 23.99% for one year beginning August 28, 2023, and 18% thereafter until paid in full.  Barnes further verified that on Loan #2 the balance due was $1,333.30 and that the interest rate, under the loan agreement, was 35.31% for one year beginning August 28, 2023, and 18% thereafter until paid in full.  Tower Loan also provided a proposed judgment stating these balances due and interest rates, and other matters not germane to this appeal.

The district court rendered judgment as prayed for, by judgment date-stamped February 1, 2024.  However, on July 15, 2024, the only minute entry in the record, the court "reviewed record and signed judgment."  In the transcript, the court merely referred to the docket number and caption, adding, "Okay, I'm returning the same to the clerk."  The court left the principal balances intact but drew a line through the interest rates of 23.99%/18% and 35.31%/18% and handwrote over them "legal" interest.

Tower Loan has appealed, raising four assignments of error.  Horton has not filed a brief.

## DISCUSSION

### *Compliance with Art. 1702*

By its first assignment of error, Tower Loan urges the court erred in failing to accept Tower Loan's affidavit of correctness, submitted in support of the proposed judgment, as prima facie proof of the indebtedness owed under the promissory note, as required by La. C.C.P. art. 1701(B)(3). By its second assignment, Tower Loan urges the court erred in failing either to sign the proposed default judgment or direct that a hearing be held, as required by La. C.C.P. art. 1702(C).

For the reasons expressed in *First Tower Loan v. Combs*, 56,236 (La. App. 2 Cir. 5/21/25), rendered this day, this assignment has merit. The district court lacked authority to disregard the affidavit of correctness and erred in not signing the proposed judgment.

### *Award of Interest*

By its third assignment of error, Tower Loan urges the court erred in failing to award interest as prayed for and as mandated by La. C.C. art. 1921. By its fourth assignment, Tower Loan urges the court erred in reducing interest in the judgment to "legal interest" from the amount stated in the loan agreements, contrary to La. R.S. 9:3519 and 9:3522. For the reasons expressed in *First Tower Loan v. Combs*, *supra*, these assignments have merit.

The loan agreement in Loan #1 states that the amount financed was $1,509.74. Under R.S. 9:3519, Tower Loan could charge interest of 27% on the portion of the principal that exceeds $1,400 (this portion would be $109.74) and 36% on the remaining portion of $1,400. The affidavit states that these rates, properly apportioned, yield a contractual rate of 23.99%.

The loan agreement in Loan #2 states that the amount financed was $1,702.74.  Under R.S. 9:3519, Tower Loan could charge interest of 27% on the portion of the principal that exceeds $1,400 (this portion would be $302.74) and 36% on the remaining portion of $1,400.  The affidavit states that these rates, properly apportioned, yield a contractual rate of 35.31%.  The affidavit further states that both loans were accelerated on August 28, 2023; hence, after August 28, 2024, the interest cannot exceed 18%.  In short, the interest rates prayed for in petition, and stated in the proposed judgment, comply with the applicable law.

The district court lacked authority to award interest different from that stated in the loan agreements, the petition, and the affidavit.  The judgment will be amended to provide the contractual and legal rates.

### DECREE

For the reasons expressed, the principal and interest stated in the judgment are amended as follows:

> **IT IS ORDERED, ADJUDGED, AND DECREED** that there be judgment herein in favor of plaintiff, FIRST TOWER LOAN, LLC, d/b/a TOWER LOAN OF WINNFIELD, and against the defendant, LACI HORTON, a/k/a LACI SHAYNE HORTON (SSN XXX-XX-6147), in the amount of $829.19, together with interest thereon at the rate of 23.99% per annum for one year beginning August 28, 2023, and 18% thereafter, until paid; AND in the amount of $1,333.30, together with interest at the rate of 35.31% per annum for one year beginning August 28, 2023, and 18% thereafter, until paid.

In all other respects, the judgment is affirmed.  All costs are to be paid by the borrower, Laci Horton, a/k/a Laci Shayne Horton.

**AMENDED, AFFIRMED AS AMENDED, AND RENDERED**.